**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br>*Plaintiff*,<br>v.<br>VUE CONSULTANCY LLC, *et al.*,<br>*Defendants*. | Case No. 8:25-cv-03372-ABA |

**MEMORANDUM OPINION**

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") brought this interpleader action, pursuant to 28 U.S.C. §§ 1335 and 2361, against Defendants Vue Consultancy LLC ("Vue Consultancy") and Vista Grande Productions New Mexico Inc. ("Vista Grande") to determine the rightful owner of $226,889.52 in restrained funds (the "Fund"). ECF No. 1 at 1. Wells Fargo also requested attorneys' fees. *Id*. at 6. Defendant Vista Grande filed a response claiming 100% of the Fund and denying any liability for attorneys' fees. ECF No. 18. Defendant Vue Consultancy did not enter an appearance, respond to the complaint, or challenge the Clerk of Court's entry of default, which occurred on March 3, 2026. ECF Nos. 29 & 30. Thereafter, Wells Fargo and Vista Grande filed a joint motion for default judgment, interpleader, an award of attorneys' fees and costs, and dismissal. ECF No. 33. For the forgoing reasons, these motions will be granted.

## I. BACKGROUND[1]

Wells Fargo is a national banking association with its principal office in South Dakota. ECF No. 1 ¶ 4. Vue Consultancy is a Maryland limited liability company with its

[1] When considering a motion for default judgment, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish v. Leithman*, 733 F. Supp. 3d 371, 373

principal office in Maryland, whose sole member also resides in Maryland. *Id.* ¶ 5. Vista Grande is a New Mexico corporation with its principal office in New Mexico. *Id.*¶ 6. Vue Consultancy and Vista Grande both maintained Wells Fargo Initiate Business Checking Accounts. *Id.* ¶¶ 11—12. Vue Consultancy's account is maintained in Maryland. *Id.* ¶ 9. On April 28, 2025, Vue Consultancy's account received a $375,000 wire transfer from Vista Grande's account. *Id.* ¶ 13. Vista Grande notified Wells Fargo that the April 28 wire transfer was fraudulent and requested that Wells Fargo recall the wire transfer and return the Fund to Vista Grande's account. *Id.* ¶ 14. Wells Fargo restrained Vue Consultancy's remaining funds, which amounted to $226,889.52. *Id.* ¶ 15. Wells Fargo requested authorization from Vue Consultancy to debit the Fund from its account, but all of Wells Fargo's requests were ignored. *Id.* ¶¶ 16–18.

Wells Fargo initiated its suit in this Court on October 10, 2025. *Id.* at 1. The complaint asserted a single count for interpleader, pursuant to 28 U.S.C. §§ 1335 and 2361, against Vue Consultancy and Vista Grande to determine the rightful owner of the Fund and a request for attorneys' fees. Vista Grande filed a response claiming 100% of the Fund and denying any liability for attorneys' fees. ECF No. 18. Vue Consultancy did not enter an appearance, respond to the complaint, or challenge the Clerk's entry of default, which occurred on March 3, 2026. ECF Nos. 29 & 30. Thereafter, Wells Fargo and Vista Grande filed a joint motion for default judgment, interpleader, an award of attorneys' fees and costs, and dismissal. ECF No. 33.

---

(D. Md. 2024) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b) governs default judgments. Fed R. Civ. P. 55(b)(1)–(2). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). When considering motions for a default judgment, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish*, 733 F. Supp. 3d at 373 (quoting *Ryan*, 253 F.3d at 780). If a plaintiff establishes liability under this standard, "the court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Int'l Painters*, 919 F. Supp. 2d at 684. "While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum." *Id.* (citing *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010)).

## III. DISCUSSION

### A. Interpleader

"Statutory interpleader under 28 U.S.C. § 1335 involves a two step process." *Rapid Settlements, Ltd. v. U.S. Fid. & Guar. Co.*, 672 F. Supp. 2d 714, 717 (D. Md. 2009). The first step assesses whether interpleader has been appropriately invoked. This inquiry "depends on whether the stakeholder 'legitimately fears' multiple litigation over

a single fund," considering whether: "(1) [the Court] has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader." *Wells Fargo Bank, N.A. v. Eastham*, No. 16-cv-0386-DKC, 2016 WL 2625281, at *2 (D. Md. May 9, 2016) (citation omitted). If the stakeholder has properly invoked interpleader, "the Court may direct the funds plus interest to be deposited with the Clerk, dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder[.]" *Id.* (citation omitted). At the second stage, "the case continues between the claimants to determine their respective rights." *Id.* In a typical case, "[t]he claimants engage in the 'normal litigation processes, including pleading, discovery, motions, and trial.'" *Id.* (quoting *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)).

**i. Interpleader is proper in this case**

First, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1335 and 2361. A district court has original jurisdiction over an interpleader claim where there are two or more adverse claimants of diverse citizenship, as defined under 28 U.S.C. § 1332, and the amount in controversy exceeds $500. *See* 28 U.S.C. § 1335. Section 2361 grants district courts authority to issue nationwide service of process in statutory interpleader actions and authorizes a court to "make all appropriate orders to enforce its judgment" as to a statutory interpleader. 28 U.S.C. § 2361. Here, Wells Fargo is a citizen of South Dakota, Vue Consultancy is a citizen of Maryland, and Vista Grande is a citizen of New Mexico. ECF No. 1 ¶¶ 4-6. Therefore, diversity is satisfied under 28 U.S.C. § 1332. The amount in controversy is $226,889.52, which exceeds the statutory threshold of $500

under 28 U.S.C § 1335. ECF No. 1 ¶ 7. Venue is also appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Vue Consultancy's account is in Maryland and a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District. *Id.* Therefore, the Court has jurisdiction over this action and may grant interpleader relief and enter an order in this case.

Under the second factor, the funds constitute a single fund of $226,889.52. ECF No. 1 ¶¶ 13-15. This factor weighs in favor of granting interpleader relief.

As to factors three and four, Vue Consultancy and Vista Grande are adverse claimants of the Fund, which opens Wells Fargo up to multiple liability. Vue Consultancy has a Wells Fargo Checking Account, and that account received funds from Vista Grande's Wells Fargo account. ECF No. 1 at ¶ 11—14. Vista Grande claims that the money in the Fund rightfully belongs to it, and Vue Consultancy refused to allow Wells Fargo to debit the Vue Consultancy Account and return the Fund to Vista Grande. *Id.* at ¶¶ 15—17. If Wells Fargo were to disperse the Fund to the wrong party, it could face liability. *See Manufacturers & Traders Tr. Co. v. Del Conca USA, Inc.*, Case No. 16-3346- GJH, 2017 WL 3175567, at *3 (D. Md. July 25, 2017) ("Thus, [the company] may be threatened with liability if it is obligated to determine who is entitled to the funds and decides incorrectly."). Accordingly, Vue Consultancy and Vista Grande are adverse claimants of the Fund, and that weighs in favor of granting interpleader relief.

Finally, there are no equitable concerns that prevent the use of interpleader in this case. The purpose of an interpleader action is to "to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 Fed. App'x. 767, 769 (4th Cir. 2002).

Accordingly, Wells Fargo is entitled to interpleader relief.

### ii. Vista Grande is entitled to the Fund

Ordinarily, having found interpleader appropriate, the case would proceed to "stage two," entailing litigation between Vista Grande and Vue Consultancy over entitlement to the Fund. But in an interpleader action where "all but one named interpleader defendant" has defaulted, "the remaining defendant would be entitled to the fund." *Nationwide Mut. Fire Ins. Co. v. Eason,* 736 F.2d 130, 133 n.4 (4th Cir. 1984); *see also Talcott Resolution Life Ins. Co. v. Carlyle*, No. 19-cv-1796-DKC, 2022 WL 2343252, at *7 (D. Md. June 29, 2022) ("[Defendant A's] default removes him as an adverse claimant, leaving only [Defendant B]."). "[D]efaults of interpleader defendants '[do] not make the interpleader action inappropriate but merely expedite[] its conclusion by obviating the normal second stage." *Eason*, 736 F.2d at 133 n.4 (quoting *New York Life Insurance Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2d Cir. 1983)). Since Vue Consultancy had a default entered against it, and Vista Grande is the only claimant left in this proceeding, Vista Grande is entitled to the money in the Fund. Finally, Vista Grande and Wells Fargo have attested to the fact that Vue Consultancy is not a "juvenile, incompetent, or on active duty in the U.S. Military" as required by 50 U.S.C. § 3931(b). ECF No. 33-2; *see also Talcott Resolution*, 2022 WL 2343252, at *7 (requiring the non-defaulting claimant to submit an affidavit prior to granting default judgment).

## B. Attorneys' Fees

In interpleader actions, courts have "broad discretion to award the stakeholder its costs, including reasonable attorneys' fees, out of the deposited fund." *Bank of Am., N A. v. Jericho Baptist Church Ministries, Inc.,* No. 15-02953, 2017 WL 319521, at *1 (D. Md.

Jan. 23, 2017). Further, whenever attorneys' fees are awarded in interpleader actions, they are typically drawn from the Fund itself rather than from the "losing party." *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Sprague*, 251 F. App'x 155, 157 (4th Cir. 2007).

Here, Vista Grande and Wells Fargo agreed to limit attorneys' fees to $15,000 and draw attorneys' fees from the Fund. ECF No. 33 at 12 n.6. Accordingly, Wells Fargo will be awarded $15,000 in attorneys' fees from the Fund and Wells Fargo will be required to deliver $211,889.52 directly to Vista Grande.

## IV. CONCLUSION

For these reasons, the motion for default judgment (ECF No. 33) is granted. A separate order follows.

Date: August 11, 2026

*/s/*
Adam B. Abelson
United States District Judge